2020 IL App (1st) 200002-U

SIXTH DIVISION
October 16, 2020

No. 1-20-0002

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE ESTATE OF KATHARINA METZGER, Deceased; THE ESTATE OF JAKOB METZGER, Deceased; HEIDI M. LYSTER, as Executor of the Estates of Katharina Metzger and Jakob Metzger, and In Her Individual Capacity as Heir of Katharina Metzger, and In Her Individual Capacity as Heir of Jakob Metzger; THE KATHARINA METZGER REVOCABLE TRUST, u/a/d October 23, 2003, as Amended By and Through Its Beneficiary, Heidi M. Lyster; and THE JAKOB METZGER REVOCABLE TRUST, u/a/d October 23, 2003, as Amended By and Through Its Beneficiary, Heider M. Lyster; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | No. 19 L 50273 |
| v. | ) ) | |
| HELEN C. ROMAN, Individually and as Trustee of the Jakob Metzger Revocable Trust and the Katharina Metzger Revocable Trust; NIKOLAUS J. ROMAN, Individually and as Beneficiary of the Jakob Metzger Revocable Trust and the Katharina Metzger Revocable Trust, | ) ) ) ) ) ) ) ) | Honorable Mary Colleen Roberts, Judge Presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Harris and Griffin concurred in the judgment.

**O R D E R**

¶ 1   *Held*:   We affirm the dismissal of plaintiffs' complaint where the circuit court properly found a 2016 amendment to section 17-56(g) of the Criminal Code of 2012 (720 ILCS 5/17-56(g) (West 2016)), expanding who could be found liable in a civil action for financial exploitation of an elderly person, made a substantive change to the statute and therefore applied prospectively only.

¶ 2   Plaintiff Heidi Lyster filed a complaint alleging the financial exploitation of an elderly person under section 17-56(g) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/17-56(g) (West 2016)), against her sister Helen Roman and Helen's son Nikolaus Roman (collectively, the Romans), on behalf of the estates and revocable trusts of Heidi and Helen's late parents. The two sisters, as well as some of the other family members, will be referred to in much of this order by their first names for the sake of clarity. The Romans filed a motion to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2016)), and the circuit court granted that motion. On appeal, Heidi argues that the circuit court erred by (1) dismissing her complaint pursuant to section 2-615 of the Civil Code, and (2) by dismissing all named plaintiffs other than her parents' estates. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4                             A. The Statute at Issue

¶ 5   Section 17-56 of the Criminal Code defines the criminal offense of financial exploitation of an elderly person. 720 ILCS 5/17-56 (West 2018). Subsection (g) of that section establishes a corresponding civil cause of action. *Id.* § 17-56(g). Prior to January 1, 2016, section 17-56(g) stated:

"A person who is charged by information or indictment with the offense of financial exploitation of an elderly person *** and who fails to return the victim's property within

60 days following a written demand from the victim or the victim's legal representatives shall be liable to the victim or to the estate of the victim in damages of treble the amount of the value of the property obtained, plus reasonable attorney fees and court costs." 720 ILCS 5/17-56(g) (West 2014).

¶ 6    Public Act 99-0272 (eff. Jan. 1, 2016) amended section 17-56(g) of the Criminal Code, effective January 1, 2016 (the 2016 amendment), to read:

"A person against whom a civil judgment has been entered for financial exploitation of an elderly person *** shall be liable to the victim or to the estate of the victim in damages of treble the amount of the value of the property obtained, plus reasonable attorney fees and court costs. *** This subsection shall be operative whether or not the defendant has been charged or convicted of the criminal offense as described in subsection (a) of this Section." 720 ILCS 5/17-56(g) (West 2018).

¶ 7                         B. The Present Complaint

¶ 8    Katharina Metzger and Jakob Metzger (collectively, the Metzgers) were married for 60 years and had two daughters, Heidi and Helen. Helen, in turn, had one son, Nikolaus. On October 23, 2003, Katharina and Jakob executed identical revocable trusts—the Katharina Metzger Revocable Trust (the Katharina Trust) and the Jakob Metzger Revocable Trust (the Jakob Trust). Each spouse served as the trustee of his or her own trust and named the other spouse and then Helen as successor trustees. Upon the death of either spouse, that individual's trust assets would be given to the surviving spouse, and if no spouse survived, would be distributed as follows: 50% to Heidi, 25% to Helen, and 25% to Nikolaus.

¶ 9    The trusts were amended three times: in 2010, the distribution was changed so that Heidi's 50% was divided equally between her and her daughter Stephanie Esposito; in 2012, the trusts

were amended to give Helen the Metzgers' residence; and in 2013, Stephanie's 25% share was instead given to Nikolaus.

¶ 10    Jakob died on May 7, 2014, and Katharina died on December 16, 2014.

¶ 11    On May 24, 2019, Heidi filed a complaint against Helen and Nikolaus, individually and in their capacities as the trustee and a beneficiary, respectfully, of the trusts (collectively, defendants). The complaint was filed on behalf of the Katharina Trust, the Jakob Trust, Heidi herself as a beneficiary of the trusts, and—following an amendment—Katharina and Jakob's estates and Heidi as their heir (collectively, plaintiffs). Based on actions the two purportedly took between 2010 and 2015, Heidi alleged that Nikolaus and Helen had each financially exploited Jakob and Katharina, and that Helen had also fraudulently concealed the exploitation. Heidi sought actual damages, treble damages, and attorney fees.

¶ 12    On September 3, 2019, defendants moved to dismiss the complaint pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2018)), on the grounds that the "alleged statutory cause of action as plead[ed] *** did not exist at the time the alleged incidents occurred." Defendants also argued that plaintiffs had failed to plead a cause of action against the trusts, Helen as trustee, or the beneficiaries of the trusts, and that all plaintiffs except for the estates of Katharina and Jakob lacked standing to bring the cause of action.

¶ 13    Specifically, defendants argued that section 17-56(g) of the Criminal Code, as it existed at the time the events described in the complaint were alleged to have occurred, required a criminal charge and a written demand for the property as prerequisites for the filing of a civil action, neither of which were alleged in the complaint. According to defendants, plaintiffs were bound by the pre-2016 version of the statute because the 2016 amendment was a substantive change in the law that only applied prospectively.

¶ 14 Plaintiffs insisted, however, that the 2016 amendment was procedural and should therefore be applied retroactively. Plaintiffs also argued that the claim was properly brought by the victim, the estate of the victim, or an interested person, and that therefore all of the named plaintiffs had standing to sue.

¶ 15 In its written decision issued on December 18, 2019, the circuit court first noted that the plain language of section 17-56(g) of the Criminal Code limited those who could bring a civil cause of action for financial exploitation of an elderly person to "the victim or to the estate of the victim." The court also agreed with defendants that the 2016 amendment to section 17-56(g) was a substantive change to the statute and could only apply prospectively from its effective date of January 1, 2016. The court found that because plaintiffs' allegations were based on conduct that occurred before January 1, 2016, and they did not allege either that defendants were criminally charged with the offense of financial exploitation or that Katharina, Jakob, or their estates made a written demand for return of the property in question, plaintiffs' complaint was legally deficient. The court dismissed all plaintiffs except for the estates of Katharina and Jakob, then dismissed the complaint with prejudice.

¶ 16                                    II. JURISDICTION

¶ 17 Plaintiffs' complaint was dismissed with prejudice on December 18, 2019, and plaintiffs timely filed a notice of appeal on December 27, 2019. We have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 18                                    III. ANALYSIS

¶ 19 Plaintiffs argue that the circuit court erred by (1) granting defendants' motion to dismiss the complaint with prejudice pursuant to section 2-615 of the Code; and (2) finding that a civil

cause of action for financial exploitation of an elderly person could not be brought by an interested person. We find the first issue to be dispositive and thus do not reach the second issue.

¶ 20    We review a dismissal under section 2-615 of the Civil Code *de novo*. *Jane Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. The outcome of this appeal turns on whether the 2016 amendment to section 17-56(g) of the Criminal Code applies prospectively or retroactively. Because it is apparent to us that it applies prospectively only, we affirm the decision of the circuit court.

¶ 21    In *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 39 (2001), our supreme court adopted the approach taken by the U.S. Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), to determine when an amendment to a statute applies retroactively or prospectively only. Under *Landgraf*, the first consideration is whether the General Assembly "expressly prescribed" the amendment's temporal reach. *Commonwealth Edison*, 196 Ill. 2d at 39. If there is such a clear indication, "then, absent a constitutional prohibition, that expression of legislative intent must be given effect." *Id.* at 38. If there is no indication of legislative intent, under *Landgraf*, the second step is to determine whether the amendment "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* (quoting *Landgraf*, 511 U.S. at 280). If so, the amendment must be applied prospectively only.

¶ 22    However, as our supreme court has repeatedly acknowledged, the Illinois legislature "has clearly indicated the temporal reach of *every* amended statute" (emphasis in original), through the "general saving clause" of section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2000)). *Caveney v. Bower*, 207 Ill. 2d 82, 91-92 (2003); see also *People v. Glisson*, 202 Ill. 2d 499, 505 (2002). Section 4 of the Statute on Statutes provides:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." 5 ILCS 70/4 (West 2016).

Section 4 "represents a clear legislative directive as to the temporal reach of statutory amendments and repeals: those that are procedural in nature may be applied retroactively, while those that are substantive may not." *Caveney*, 207 Ill. 2d at 92. Thus, although Illinois follows the two-step inquiry set out in *Landgraf*, our saving clause means we are never required to go beyond the first step. *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349, ¶ 44.

¶ 23 Turning to the statutory amendment before us, we first note that the amendment itself contains no specific indication of the amendment's temporal reach. Thus, pursuant to section 4 of the Statute on Statutes, we must determine whether the amendment was procedural or substantive. "While a substantive change in law establishes, creates, defines, or regulates rights, and thus could actually make [ ] one a party to a suit," "procedure is the machinery for carrying on the suit, including pleading, process, evidence, and practice." (Internal quotation marks omitted.) *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 18.

¶ 24 Plaintiffs contend that the circuit court erred in finding the 2016 amendment was substantive because it only "simplif[ied] the process for bringing a civil cause of action for financial exploitation" and changed the "means to bring parties into court" (citing *id.*). Plaintiffs

largely rely on legislative history, specifically quoting certain statements made by Representative Bennett, who sponsored the house bill that eventually became Public Act 99-0272. See 99th Ill. Gen. Assem., House Proceedings, April 24, 2015, at 8 (statements of Representative Bennett) ("Point of House Bill 1588 is to simplify the process for an elderly or a disabled individual to bring a claim for a financial exploitation.").

¶ 25    Defendants insist that the court properly found that the amendment was substantive and applied prospectively, and thus properly dismissed plaintiffs' complaint. They argue that the 2016 amendment is substantive "because it enables a victim to become a party to a lawsuit against a defendant who had not been indicted, or who had not received a written demand." Defendants point out that prior to the 2016 amendment, a victim would have been precluded from suing such a defendant and thus the amendment creates a new right to sue certain individuals.

¶ 26    Defendants rely on our supreme court's decision in *People v. Atkins*, 217 Ill. 2d 66, 70-72 2005), where the court held an amendment providing that burglary was a lesser-included offense of residential burglary was substantive in nature. The court explained that the amendment was substantive because it "altered the scope of the residential burglary statute" and also noted that "[p]rocedural ramifications of a substantive amendment do not make the amendment procedural." *Id.* 72-73.

¶ 27    Like the amendment in *Atkins*, we find that the 2016 amendment to section 17-56(g) of the Criminal Code substantively altered the scope of that section. Prior to 2016, an individual was only vulnerable to a civil action pursuant to section 17-56(g) if he or she had been charged with the criminal offense of financial exploitation of an elderly person and had the opportunity to respond to a written demand. Now, a defendant may be liable regardless of a criminal charge or demand letter. The amendment expanded the class of defendants against whom the civil action for financial

exploitation of an elderly person may be brought, altering not just the procedure to bring such a claim but the substantive scope of the claim itself.

¶ 28    Although plaintiffs are correct that both the language of the statute and its legislative history shows that the legislature intended the amendment to simplify the process for individuals filing such claims, that does not alter the fact that the amendment was a substantive change in the law. As already noted, our supreme court made clear in *Atkins* that "[p]rocedural ramifications of a substantive amendment do not make the amendment procedural." *Id.*

¶ 29    While the procedure for bringing a claim under the statute has definitely been simplified— no criminal indictment or information is necessary, no written demand is required—the class of persons to whom the statute applies has been substantively broadened making it a substantive change in the law. Before the amendment, no civil claim could be brought against a defendant who had not been criminally charged. Obtaining a criminal indictment or information against a defendant is not simply a procedural hoop for a plaintiff who wishes to bring such a claim—it is a decision within the "exclusive discretion" of the State's Attorney. *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45-46 (1983); see also 55 ILCS 5/3-9005(a)(1) (providing that it is the duty of each State's attorney to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned"). Before the 2016 amendment, unless a prosecutor had decided to seek criminal charges against a defendant, that defendant was simply not covered by the statute.

¶ 30    While we agree with defendants that under the Statute on Statutes this amendment should only be applied prospectively, we also note that our supreme court has made clear that "where the legislature has not expressly indicated its intent as to temporal reach, a presumption arises that the amended statute is *not* to be applied retroactively." (Internal quotation marks omitted; emphasis

added.) *Perry*, 2018 IL 122349, ¶ 42.

¶ 31 The cases plaintiffs rely on in which amendments were found to be procedural and thus retroactive are plainly different than this case. They all involve amendments that changed only the steps necessary to take legal action and not who could be found liable for the claim. See, *e.g.*, *GreenPoint*, 2014 IL App (1st) 132864, ¶ 19 (finding that an amendment changing the deadline for when a party must move to quash service of process was procedural and thus retroactive); *Deicke Center v. Illinois Health Facilities Planning Board*, 389 Ill. App. 3d 300, 305 (2009) (finding an amendment that eliminated a step needed to close certain facilities was procedural only and thus retroactive); *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439 (2005) (finding an amendment that added a step before a landlord could establish priority of a lien on crops and proceeds, as opposed to taking priority automatically, was procedural only and thus also retroactive).

¶ 32 Plaintiffs also make a somewhat confusing argument based on Justice Freeman's special concurrence in *People v. Ramsey*, 192 Ill. 2d 154, 186 (2000), in which he stated that "in civil cases, the only bar to retroactive legislation is if the change in law impairs preexisting contractual rights or impairs vested rights protected from state interference by the due process clause." However, the distinction that Justice Freeman was drawing in *Ramsey* between retroactive application of civil and criminal statutes has no relevance to this case and indeed is not even part of the appropriate retroactivity analysis in Illinois. As our supreme court has pointed out, this focus on whether retroactive application impairs preexisting rights is "step two of the *Landgraf* analysis, which this court does not utilize." *Perry*, 2018 IL 122349, ¶ 44. Rather, in Illinois, the inquiry into legislative intent "ends" upon determining whether a change is substantive or procedural. *Id.*

¶ 33 Because we agree with the circuit court that the 2016 amendment to section 17-56(g) of

the Criminal Code was substantive and therefore did not apply retroactively, we affirm the dismissal of plaintiffs' complaint with prejudice. Although the circuit court found that a lack of standing on the part of certain plaintiffs provided an alternative basis for partial dismissal, we need not reach that issue where we have affirmed the outright dismissal of the complaint on other grounds.

¶ 34                                        IV. CONCLUSION

¶ 35    For the foregoing reasons, the judgment of the circuit court dismissing plaintiffs' complaint with prejudice pursuant to section 2-615 of the Civil Code is affirmed.

¶ 36    Affirmed.